UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DAVEN BROWN,<br>  Plaintiff,<br><br>v.<br><br>SUZANNE SUTTON, et al.,<br>  Defendants. | :<br>:<br>:  CASE NO. 3:17-cv-673 (VAB)<br>:<br>:<br>:<br>:<br>:<br>: |

## INITIAL REVIEW ORDER

Daven Brown ("Plaintiff"), currently incarcerated at Cheshire Correctional Institution ("Cheshire"), filed this Complaint *pro se*, bringing claims under 42 U.S.C. § 1983 ("Section 1983"). Mr. Brown's Complaint was filed on April 24, 2017, ECF No. 1, and his motion to proceed *in forma pauperis* was granted on April 27, 2017, ECF No. 6. He brings claims against First Assistant Disciplinary Counsel Suzanne Sutton, Assistant Disciplinary Counsel Beth L. Baldwin, Investigator James Bender, Chief Disciplinary Counsel Patricia A. King, Reviewing Committee Attorney Joseph D. Fotti, Grievance Attorney Gail S. Kotowski, Bar Counsel Member Christopher L. Slack, Reviewing Committee Member John Doe, State Trooper Fratellenico, and Sergeant Supervisor Gunsalus[1] (collectively, "Defendants"). Mr. Brown challenges the way Defendants handled his grievance for attorney misconduct relating to a charge of violation of probation.

## I. STANDARD OF REVIEW

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which

---

[1] Trooper Fratellenico's and Sergeant Supervisor Gunsalus's full names are not provided in the Complaint.

relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

In reviewing a *pro se* complaint, the Court must "liberally construe [the] pleadings," and interpret the complaint to "raise the strongest arguments it suggests." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-03 (2d Cir. 2010) (discussing special solicitude that courts ought to show to *pro se* litigants). Although detailed allegations are not required, the complaint must still include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## II. FACTUAL ALLEGATIONS

Mr. Brown alleges that he was charged with violation of probation, which he alleges "never happen[ed]." Compl. at 8, ECF No. 1. He alleges that he hired an attorney to represent him on the violation charge and that the attorney charged him $5,000 as well as additional money to hire a private investigator. *Id.* Mr. Brown alleges that the attorney that he hired never actually retained a private investigator despite charging Mr. Brown for the expense. *Id.* Mr. Brown further alleges that "[t]he investigation officer never got proper documentation of [the violation of probation]," despite the attorney charging him the expense. *Id.*

In 2014, Mr. Brown alleges that he filed a grievance against that attorney with the Bar Association, alleging misconduct and a violation of ethics codes. Compl. at 8. He alleges that

2

the Disciplinary Counsel refused "[t]o properly investigate" his allegations and improperly "dismiss[ed] [his] complaint" against the attorney. *Id.*

Mr. Brown further alleges that the "state trooper[s] also closed the case without proper paperwork." Compl at 8. He further alleges that "[a]ll the people mention[ed] in my case intentionally conspired to cover up a crime." *Id.*

## III. DISCUSSION

A review of Mr. Brown's Complaint and his allegations shows that Mr. Brown's claims are a challenge to a state disciplinary proceeding that he initiated against his attorney and a challenge to the actions of state police troopers in closing an underlying criminal case. *See* Compl. at 8. For the reasons described below, even when the Court construes Mr. Brown's Complaint "liberally", *Abbas*, 480 F.3d at 639, Mr. Brown cannot state a claim on either of these grounds, and the Court therefore dismisses his Complaint under 28 U.S.C. § 1915A.

### A. Grievance Complaint

Defendants Sutton, Baldwin, Bender, King, Fotti, Kotowski, Slack, and Doe (collectively, the "Disciplinary Counsel Defendants") appear to have been involved in the grievance complaint Mr. Brown filed against his attorney. Mr. Brown's claim against them stems from his belief that his grievance complaint was not handled properly. As explained below, the Court concludes that Mr. Brown's claim against the Disciplinary Counsel Defendants is barred by the *Rooker-Feldman* doctrine. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

"The *Rooker-Feldman* doctrine . . . is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries causes by

state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The Second Circuit has "specifically determined that federal courts are precluded by the *Rooker-Feldman* doctrine from reviewing a claim attacking a state court's decision regarding the discipline of an attorney." *McKeown v. New York State Comm'n on Judicial Conduct*, 377 F. App'x 121, 123 (2d Cir. 2010) (citing *Zimmerman v. Grievance Comm. Of the Fifth Judicial Dist.*, 726 F.2d 85, 86 (2d Cir. 1984)).

The Connecticut attorney grievance committee acts as an arm of the state courts of Connecticut. *Chief Disciplinary Counsel v. Zelotes*, 152 Conn. App. 380, 402-03 (2014) (explaining in case arising from attorney disciplinary proceeding in Connecticut that "[a]n attorney as an officer of the court in the administration of justice, is continually accountable to it for the manner in which he exercises the privilege which has been accorded him"). "[T]he United States Constitution does not permit [district courts] to supervise the departmental disciplinary committees or review the decisions" of state courts. *McKeown v. N.Y.*, No. 08-CIV-2391 (SAS), 2010 WL 4140421, at *1 (S.D.N.Y. Oct. 21, 2010), *aff'd*, 444 F. App'x 508 (2d Cir. 2012). Any complaints alleging "an underlying wrongdoing by an attorney, followed by a complaint to a disciplinary committee, followed by the disciplinary committee's failure to take action," must therefore be brought through "the state court system," as this Court "lacks jurisdiction to review the decisions of the" state's disciplinary committee for attorneys. *Id.*

As to the Disciplinary Counsel Defendants, Mr. Brown's Complaint alleges only that they improperly failed to take action on his grievance against the attorney he hired to represent him on his alleged violation of probation. Compl. at 8. Under the *Rooker-Feldman* doctrine, this

4

Court has no jurisdiction to adjudicate these claims. *McKeown*, 377 F. App'x at 123. Thus, his claims against the Disciplinary Counsel Defendants are properly dismissed under 28 U.S.C. § 1915A.

### B. Alleged Failure to Investigate

Mr. Brown also alleges that Connecticut "state trooper[s] also closed [his] case without proper paperwork." Compl at 8. His Complaint names Trooper Fratellenico, and his supervisor, Sergeant Gunsalus, from the Connecticut State Police. Mr. Brown includes no other facts relating to these two defendants. The Court construes Mr. Brown's Complaint to allege a claim for insufficient investigation.

A claim against a police department or police officers for failure to investigate a crime does not state a constitutional violation unless another constitutional right also is implicated. *See McCullough v. Syracuse Police Dep't*, No. 7:15-CV-0638 (DNH) (TWD), 2015 WL 5057472, at *2 (N.D.N.Y. June 5, 2015), *report and recommendation adopted by*, 2015 WL 5062370 (N.D.N.Y. Aug. 16, 2015) (finding that where plaintiff alleged that police officers failed to investigate a theft that he reported and failed to enforce the law "[s]uch an allegation fails to state a federal civil rights claim as a matter of law") (citing *Gomez v. Whitney*, 757 F.2d 1005 (9th Cir. 1985)); *see also Newton v. City of New York*, 566 F. Supp. 2d 256, 278 (S.D.N.Y. 2008) (dismissing civil rights case arising out of an alleged failure to investigate in a criminal case because "there is no constitutional right to an adequate investigation"). Mr. Brown's allegations against Defendants Fratellenico and Gunsalus are therefore dismissed under 28 U.S.C. § 1915A.

### ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1) The complaint is **DISMISSED without prejudice** under 28 U.S.C. § 1915A(b)(1).

(2) The Clerk is directed to enter judgment and close this case.

SO ORDERED at Bridgeport, Connecticut, this 8th day of May, 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge